## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PUTU, LLC, | Case No.: |
| Plaintiff, | Judge: |
| vs. | **COMPLAINT** |
| COCO INTERNATIONAL CORP.; K & J TRADING, INC.; NAN OK JOO; and YOUNG H. JOO, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff Putu, LLC ("Putu") as and for its complaint against Defendants Coco International Corp, K & J Trading Co., Nan Ok Joo; and Young H. Joo ("Defendants") alleges the following:

## NATURE OF THE ACTION

1.      This is a suit for trademark infringement, trade dress infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), copyright infringement pursuant to 17 U.S.C. § 501; trade dress infringement pursuant to N.Y. Gen. Bus. Law § 360-k, unfair competition and deceptive business practices pursuant to N.Y. Gen. Bus. Law § 349 and New York common law.

2.      Defendants infringed Plaintiff Putu's distinctive trade dress that it uses in connection with its specialty hand bags its sells using its federally registered trademark LOLO®, including, clutches, purses, cosmetic bags, travel bags, wallets, wristlets, and other bags and accessory items (hereinafter "LOLO® Products"). Defendants reproduced and are reproducing every critical aspect of Putu's trade dress in their infringing products and then sell the infringing

1

products, in violation of 15 U.S.C. § 1125(a).  The aesthetic designs of Defendants' infringing products are so similar, indeed nearly identical; that it is apparent Defendants' copied Putu's trade dress wholesale, in bad faith, maliciously and willfully.

3.      Defendants' infringed Plaintiff Putu's federally registered copyrighted images that it uses in connection with its LOLO® Products, in violation of 15 U.S.C. § 501.

4.      Plaintiff has been harmed by Defendants' unfair competition, deceptive business practices and infringement of the trade dress and copyrights in the LOLO® Products and seeks injunctive and monetary relief from this Court.

## PARTIES

5.      Putu LLC is a limited liability company organized and existing under the laws of Delaware with its principal place of business at 11 Forest Street, New Canaan, CT, 06480.

6.      COCO International Corp. is a corporation organized and existing under the laws of New York with its principal place of business located at 842 6th Ave., New York, New York, 10001.

7.      Upon information and belief, Young H. Joo, is a principal behind COCO International Corp. and is the controlling and active, moving, and conscious force behind the activity of COCO International Corp. and the conduct and infringements alleged herein.

8.      K & J Trading, Inc. is a corporation organized and existing under the laws of New York with its registered business address located at 45 W. 29th Street, Suite 503, New York, New York, 10001 and its principal place of business at 450 Barell Ave, Carlstadt, New Jersey, 07072.

9.      Upon information and belief, Nan Ok Joo, a resident of Paramus, New Jersey, is a principal behind K & J Trading, Inc. and is a controlling and active, moving, and conscious force behind the activity of K & J Trading, Inc. and the conduct and infringements alleged herein.

## JURISDICTION AND VENUE

10.     This action is for Trade Dress Infringement and Unfair Competition pursuant to 15 U.S.C. § 1125; Copyright Infringement pursuant to 17 U.S.C. § 501; Trade Dress Infringement pursuant to N.Y. Gen. Bus. Law § 360-k; Unfair Competition and Deceptive Business Practices pursuant to N.Y. Gen. Bus. Law § 349 and New York common law.

11.     This Court has original and exclusive jurisdiction over this matter under 28 U.S.C. § 1338 because it arises under the Lanham Act, 15 U.S.C. §§ 1051 et seq. and seeks to redress trade dress infringement.  This Court has supplemental jurisdiction over the state-law claims asserted here pursuant to 28 U.S.C. § 1367(a), because such claims are so related to those claims under which the Court has jurisdiction that they form part of the same case and controversy under Article III of the United States Constitution.

12.     Alternatively, this Court has diversity jurisdiction over this matter because the parties are citizens of different states and the amount in controversy is in excess of $75,000 exclusive of interest and costs, pursuant to 28 U.S.C. § 1332.

13.     Venue is proper in this District pursuant to 28 U.S.C. §1391 (b) and (c) because a substantial part of the events or acts giving rise to the claim occurred in this District, a substantial part of the property that is the subject of the action is situated in this District and, upon information and belief, Defendants reside in this District.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### A.     Putu's Products and the LOLO® Trade Dress and Copyrights.

14.     Plaintiff is the owner and manufacturer of LOLO® Products, including specialty hand bags, clutches, purses, cosmetic bags, travel bags, wallets, wristlets and other bags and personal accessory items.

15.    Plaintiff owns U.S. Registration No. 4252940 for the trademark LOLO®
registered on December 4, 2012.  A copy of the certificate of this registration is attached as
Exhibit A.

16.    Plaintiff's LOLO® Products are sold through a wide variety of channels,
including but not limited to Plaintiff's independent stores in Connecticut and Rhode Island, as
well as in more than 2000 retail partners including boutiques, hotels and department stores in the
U.S., Caribbean, and Canada, such as Nordstrom, Bloomingdales, Ritz-Carlton, Clyde's On
Madison, Olive and Bettes, Stanley Korshak, and Monograms Off Madison, as well as through
Putu's website www.LOLObag.com.

17.    The LOLO® Brand is known for its distinctive and creative silhouette design
used in connection with its brightly colored vinyl and mesh products.  *See* Exhibit B for
additional photos of the LOLO® Brand products.

| **Examples of Plaintiff's LOLO® Brand Products** |
| :---: |
|  |



18.    LOLO® Products have several non-functional, inherently distinctive trade dress features, including, as seen in the photographs below, the following key elements: silhouette image vinyl appliqués visibly stitched on to the surface of a product; interior bag construction

featuring interior seams trimmed with colored fabric or PVC; interior tag placement on the backside of the left seam; inside pocket construction; gold colored engraved zipper pulls; key fob size, shape, and placement; rectangular cross-stitching to affix handles to bags; rounded and tucked outer seams; embossed trademark on backside of the product (hereinafter "LOLO® Trade Dress" and/or "Trade Dress").   Additional examples of LOLO® Products demonstrating the elements of LOLO® Trade Dress are attached as Exhibit B.



19.      Plaintiff's designers create original artwork for use as appliqué designs on LOLO® Products, for which Plaintiff maintains copyright registrations (hereinafter "LOLO® Copyrighted Images" and/or "Copyrighted Images").   For example, Plaintiff holds Registration No. VA 1-860-418, with an effective date of March 4, 2013; Registration No. VA-1-903-667, with an effective date of February 6, 2014, Registration No. VA 1-903-651, with an effective

date of February 6, 2014; and Registration No. VA-1-903-666, with an effective date of February

6, 2014 with the United States Copyright Office, for the artwork used as designs for appliqués on

the Fall 2012, Fall 2013, Spring 2012, and Spring 2013 LOLO Products® Collections. Copies of

certificates of these registrations are attached as Exhibit C.

      20.     Specifically, Plaintiff holds copyright registrations for three of its most popular

silhouette applique designs as shown below:

| Visual Artwork Title | Registration No. | Copyrighted Images |
|---|---|---|
| Seahorse China | No. VA 1-860-418 | |
| Anchor | No. VA 1-903-651 | |
| Starfish stylized | No. VA 1-860-418 | |

      21.     As a result of Plaintiff's substantial effort and involvement and the success of

Plaintiff's products under the LOLO® Trade Dress featuring its designers' original Copyright

Images, Plaintiff's LOLO® Trade Dress, used across over 1,000 products, has become instantly

recognizable to the relevant consuming public as a symbol exclusively differentiating Plaintiff

from the rest of the market and signaling the high quality of its products.

22.     The LOLO® Trade Dress and Copyrighted Images are tremendously valuable and are core assets of Plaintiff.

## B.     Defendants' Copying of the LOLO® Products

23.     In March 2016, Plaintiff discovered that an online retailer, Value Marketing, Inc., was selling "Beauté Fashion Lolo Mesh Bags" on an Amazon Seller page which were identical in aesthetic design to the LOLO® Trade Dress, using nearly every one of the aforementioned details in its design, reproduce the LOLO® Copyrighted Images and being sold in conjunction with Plaintiff's LOLO® Trademark and stock photography. *See* attached as Exhibit D printouts of the Defendants' Amazon pages displaying the products.

24.     On March 31, 2016, an agent of the Plaintiff purchased the products listed by the Value Marketing Defendants on Amazon as the "Beauté Fashion Lolo Mesh Cosmetic Case Clutch Beach Bag Pouch" and the "Beauté Fashion Lolo Extra-Large Oversized Mesh Beach Tote Bag XL Fashion Shoulder Bag." *See* Exhibit E for a receipt. Upon inspection of these purchased products, Plaintiff determined that these products were unauthorized reproductions of LOLO® bags, including the LOLO® Trade Dress and the LOLO® Copyrighted Images ("Infringing Products"). *See* Exhibit F for photographs of the Infringing Products.

25.     Plaintiffs filed suit against Value Marketing Inc. in another action entitled U.S District Court for the Eastern District of New York in the case styled *Putu, LLC v. Value Marketing, Inc. et al*, bearing docket No. 2:16-cv-02783-ADS-AYS. As a result of that action, Plaintiffs discovered that Coco International Corp. was the supplier of the Infringing Products. *See* attached as Exhibit G copies of Value Marketing, Inc.'s receipts from the Defendants.

26.     Upon information and belief, Defendants are importers and distributors of a wide variety of consumer products, including various scarves, jewelry, purses, totes and wallets.

Further investigation revealed that the Defendants sell these products, including the Infringing Products, on a wholesale level through various ecommerce websites.  As seen below, product listings from Defendants' wholesale websites from www.cocowholesale.com; www.kjscarf.com Additional printouts of the Infringing Products listed on Defendants' wholesale websites are attached hereto as Exhibit H.





27.     By cross-referencing the contact information and details listed on the websites in

Exhibit H, Plaintiff's investigations confirmed the connection between Coco International Corp.,

K & J Trading, Inc. and the individual Joo family members. *See* Exhibit I for documents from New Jersey and New York State business records and trade show directory listings.

28.     As seen below, a side by side comparison of a sample of LOLO® Products exhibiting the LOLO® Trade Dress (below left) and Defendants' Infringing Products (below right) clearly show a near-identical copy of the LOLO® Trade Dress and LOLO® Copyrighted Designs.   Additional photographs of the Defendants Infringing Products corresponding to the LOLO® Trade Dress and LOLO® Copyrighted Designs are attached hereto as Exhibit F:



| LOLO® "Stanley" Flat Case | Defendants' Infringing Bag |
|---|---|
| LOLO® "Stanley" Flat Case | Defendants' Infringing Bag |
| LOLO® " Madison" Tote with White Anchor | Defendants' Infringing Bag |



| LOLO® " Madison" Tote with Watermelon Starfish | Defendants' Infringing Bag |
|---|---|



| LOLO® "Amy" Tote with White Starfish | Defendants' Infringing Bag |
|---|---|



29.     Upon information and belief, Defendants had access to, and copied, the LOLO®

Trade Dress and Copyrighted Images in knocking off and selling the Infringing Products,

examples of which are pictured above and in Exhibit F.

30.     Upon information and belief, Defendants instructed its contract manufacturers to

copy the LOLO® Trade Dress and Copyrighted Images by using samples of Plaintiff's products.

31.     As seen in the accompanying chart, Defendants' Infringing Product Trade Dress

is nearly identical to and is a colorable imitation of Plaintiff's unique, distinctive LOLO® Trade

Dress.   The similarities include: silhouette image vinyl appliqués visibly stitched on to the

surface of a product; interior bag construction featuring interior seams trimmed with fabric; gold

colored zipper pulls; rounded and tucked outer seams; embossed trademark on backside of the

product (hereinafter Infringing Product Trade Dress).

| Trade Dress Element | Lolo Brand Product | Defendants' Infringing Product |
|---|---|---|

| | | |
|---|---|---|
| Silhouette image vinyl appliqués visibly stitched on to the surface of a product |  |  |
| Interior bag construction featuring interior seams trimmed with colored fabric or PVC |  |  |
| Rounded and tucked outer seams |  |  |



| | |
|---|---|
| Inside top zipping pocket construction trimmed with colored fabric or PVC | |
| Rectangular cross-stitching affixing handles to bags | |

32.    As seen below, a side by side comparison of the Defendants' Infringing Products (below right) and Plaintiff's LOLO® Copyrighted Images.(below right) clearly show an identical copy of the Plaintiff's "Seahorse China", "Anchor" and "Starfish Stylized" Works, including identical or near-identical design, shape and details of the appliques.

| LOLO Copyrighted Image and Reg. No. | Defendants' Infringing Product Images |
|---|---|



| Seahorse China<br>No. VA 1-860-418 | |
| Anchor<br>No. VA 1-903-651 | |
| Starfish stylized<br>No. VA 1-860-418 | |

33.     Upon information and belief, Defendants use the Infringing Product Trade Dress to pass off their goods as Plaintiff's and otherwise to benefit from the recognition and goodwill of Plaintiff's LOLO® Trade Dress.   Upon information and belief, Defendants' conduct is calculated to confuse and mislead consumers, create a false impression as to the source and sponsorship of the Infringing Products, to divert business from the Plaintiff, to pass off the Infringing Products as being authorized and endorsed by Plaintiff, or to otherwise misrepresent the nature and quality of Defendants' products and misappropriate the goodwill associated with

the LOLO® Trade Dress.

34.     The goodwill that Plaintiff has built up in the LOLO® Trade Dress and Copyrighted Images is put at risk by Defendants' appropriation and use of the LOLO® Trade Dress and Copyrighted Images in connection with their products.  Defendants continued use of a trade dress identical to that of LOLO® on and in connection with a competing product sold through identical channels of trade is likely to continue to cause confusion in the marketplace, because purchasers and potential purchasers will assume that the goods sold by Defendants emanate from or are authorized by, licensed by, endorsed by, associated with, or otherwise connected with Plaintiff and/or Plaintiff's products.  By virtue of Defendants' use of a nearly identical trade dress, potential purchasers will assume, incorrectly, that the Infringing Products are Plaintiff's.

35.     Defendants' use of a trade dress that so closely resembles Plaintiff's LOLO® Trade Dress unfairly and unlawfully wrests from Plaintiff control over its reputation.

36.     Plaintiff has suffered damages due to Defendants' infringement of the LOLO® Products, including its Trade Dress and Copyrighted Images.

37.     Plaintiff has suffered damages due to Defendants' fraudulent and deceptive practices including lost sales.

**COUNT I**
**FEDERAL TRADE DRESS INFRINGEMENT**
**PURSUANT TO 15 U.S.C. § 1125(a)**

38.      Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1 through 37 as if fully set forth herein.

39.     For several years, Plaintiff has sold and offered for sale LOLO® Products bearing its distinctive LOLO® Trade Dress.

17

40.     As a result of such sales, and associated advertising and promotional activities, the LOLO® Trade Dress has become distinctive and has acquired secondary meaning indicating to consumers a single source for these items, thereby serving to distinguish said items from competitive items of third parties.   Accordingly, Plaintiff's LOLO® Products have acquired distinctive, non-functional, and protectable Trade Dress.

41.     Defendants have appropriated Plaintiff's protectable LOLO® Trade Dress

42.     Defendants, in selling their Infringing Products (exemplified by the bags of Exhibit F and H), is likely to cause confusion, mistake or deception among consumers as to the source or origin or sponsorship of said items.

43.     The confusion set forth in the preceding paragraph includes, but is not limited to, confusion engendered before sale of the Infringing Products (initial interest confusion) in which purchasers and potential purchasers will be drawn to the items in question because of their knowledge of the LOLO® Products, and confusion engendered after sale of the items in question (post-sale confusion) in which purchasers and prospective purchasers will see the Infringing Products as used and mistakenly believe that these items are associated with or sponsored by Plaintiff.

44.     The foregoing acts of trade dress infringement by Defendants have been willful, intentional and purposeful, in disregard of and indifference to Plaintiff's rights.

45.     As a direct and proximate result of Defendants' infringement of Plaintiff's Trade Dress, Plaintiff is entitled to damages.

46.     Defendants should be permanently enjoined from infringing Plaintiff's Trade Dress.

**COUNT II**
**UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN**

**PURSUANT TO 15 U.S.C. § 1125(a)**

47.     Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1 through 46 as if fully set forth herein.

48.     The Infringing Products sold and offered for sale by Defendants are of the same nature and type as the LOLO® Products sold and offered for sale by Plaintiff and, as such, likely to cause confusion to the relevant purchasing public.

49.     By misappropriating and using the LOLO® Trade Dress, Defendants misrepresents and falsely describes to the general public the origin and source of the Infringing Products and creates a likelihood of confusion among purchasers as to both the source and sponsorship of such products.

50.      Defendants' unlawful, unauthorized and unlicensed manufacture, distribution, offer for sale, and/or sale of the Infringing Products creates express and implied misrepresentations that the Infringing Products were created, authorized or approved by Plaintiffs, all to Defendants' profit and Plaintiffs' great damage and injury.

51.     Defendants' aforesaid acts are in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendants' use of the LOLO® Trade Dress, in connection with their goods and services, constitutes a false designation of origin and unfair competition.

52.     The foregoing acts of unfair competition by Defendants have been willful, intentional and purposeful, in disregard of and indifference to Plaintiff's rights.

53.     Plaintiff has been harmed by Defendants' false designation of origin of its products.

**COUNT III**
**DIRECT COPYRIGHT INFRINGEMENT**
**PURSUANT TO 17 U.S.C. § 501(a)**

54.     Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1 through 53 as if fully set forth herein.

55.     Plaintiff has obtained copyright registrations with the U.S. Copyright Office for the LOLO® Copyrighted Images.  *See* Exh. C.

56.     Without authorization from the Plaintiff, or right under law, Defendants: 1) unlawfully reproduced Plaintiff's LOLO® Copyrighted Images in knock-off Infringing Products featuring the LOLO® Copyrighted Images for commercial purposes, and 2) sold unauthorized copies of Plaintiff's LOLO® Copyrighted Images in violation of the Copyright Act, 17 U.S.C. § 106.

57.     The Infringing Products are sold via Defendants' wholesale trade channels including its e-commerce websites.  Defendants reproduced Plaintiff's LOLO® Copyrighted Images for sale in their wholesale trade channels.  Defendants are actively involved in creating the supply of Infringing Products, making that merchandise broadly available to the public, and selling the Infringing Products to the public.  The Defendants further exercise active control over the distribution process, regulating the availability of products in their trade channels and determining which products to sell via their trade channels.  For these reasons, among others, Defendants engage in active conduct in unlawfully distributing reproductions of Plaintiff's LOLO® Copyrighted Images to the public.

58.     The foregoing acts of infringement by the Defendants have been willful, intentional and purposeful, in disregard of and indifference to Plaintiff's rights.

59.     As a direct and proximate result of Defendants' willful, intentional, purposeful and joint infringement of Plaintiff's copyrights, Plaintiff is entitled to damages.

60.     Defendants should be permanently enjoined from advertising, selling and

profiting from Plaintiff's LOLO® Copyrighted Images.

**COUNT IV**
**NEW YORK TRADE DRESS INFRINGEMENT**
**PURSUANT TO N.Y. GEN. BUS. LAW §360-k**

61.     Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1 through 60 as if fully set forth herein.

62.     Defendants, in selling their Infringing Products (exemplified by the bags and of Exhibits F and H), is likely to cause confusion, mistake or deception among consumers as to the source or origin or sponsorship of said items.

63.     Defendants, without the consent of Plaintiff, is using or has used in commerce the Infringing Product Trade Dress, in connection with the sale, offering for sale, distribution and advertising of the Infringing Products, which, because of its confusing similarity to the LOLO® Trade Dress, is likely to cause confusion or mistake among consumers, or to deceive consumers, as to the source of such goods, services, in violation of N.Y. Gen. Bus. Law § 360-k.

64.     Defendants' unlawful conduct, including as described above, was in bad faith and in willful disregard of Plaintiff's rights, with intent to trade on and appropriate the reputation and goodwill that Plaintiff has built, and to divert customers and revenues from Plaintiff.  Defendants committed the foregoing acts with the intent to cause confusion and mistake and to deceive.

65.     Plaintiff has been harmed by Defendants' Trade Dress infringement.

**COUNT V**
**NEW YORK DECEPTIVE AND UNFAIR TRADE PRACTICES**
**PURSUANT TO N.Y. GEN. BUS. LAW §349**

66.     Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1 through 65 as if fully set forth herein.

67.     Defendants intentionally engaged in a consumer-oriented act in copying the Trade Dress of Plaintiff's LOLO® Products and marketing and selling the Infringing Products through their retail channels.

68.     Defendants' sale and marketing of the Infringing Products was misleading in a material way in that the design of the products was copied from and virtually identical to the pre-existing LOLO® Trade Dress.   The virtually identical design was likely to and did cause confusion between the Plaintiff and Defendants' products and diluted the goodwill of the LOLO® Trade Dress built by Plaintiff.

69.     Defendants' willful misappropriation of Plaintiff's product, ideas, and design, while earning illicit profits though unauthorized sales of the Infringing Products amounts to unfair competition under the N.Y. Gen. Bus. Law § 349.

70.     As a result of the intentional foregoing acts of Defendants, including their intentional marketing and sale of the Infringing Products, Defendants have engaged in deceptive and unfair trade practices in violation of N.Y. Gen. Bus. Law § 349.

## COUNT VI
## NEW YORK COMMON LAW UNFAIR COMPETITION

71.     Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1 through 70 as if fully set forth herein.

72.     Defendants have misappropriated the labors, skills, efforts, and good will of Plaintiff through copying the LOLO® Trade Dress.

73.     Defendants' unlawful conduct causes actual confusion between the LOLO® Trade Dress and their Infringing Products and is likely to cause confusion between the two.

74.     Upon information and belief, Defendants chose to use the infringing trade dress with actual knowledge of Plaintiff's prior use of and rights in the LOLO® Trade Dress.   By

adopting and using a colorable imitation of the valuable and distinctive LOLO® Trade Dress, Defendants have been unjustly enriched and has in bad faith exploited a commercial advantage which belongs exclusively to Plaintiff.

75.     Defendants' unlawful conduct, including as described above, was in bad faith and in willful disregard of Plaintiff's rights, with intent to trade on and appropriate the reputation and goodwill that Plaintiff has built, and to divert customers and revenues from Plaintiff.  Defendants committed the foregoing acts with the intent to cause confusion and mistake and to deceive.

76.     As a result of the intentional foregoing acts of Defendants, including their intentional marketing and sale of the Infringing Products, Defendants have engaged in unfair competition under New York common law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

A.     That pursuant to 15 U.S.C. § 1116, 17 U.S.C. § 502, N.Y. Gen. Bus. Law. § 360-k, N.Y. Gen. Bus. Law § 349 and the equity jurisdiction of this Court, Defendants and its officers, agents, employees, representatives, and all persons in privity therewith be preliminarily and permanently enjoined and restrained from:

i.      manufacturing, distributing, shipping, advertising, promoting, selling or otherwise offering for sale any product in any trade dress that is confusingly similar to the LOLO® Trade Dress and Copyrighted Images;

ii.     engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of LOLO® Trade Dress and Copyrighted Images.

B.     That pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, Defendants provide Plaintiff with an accounting of all Defendants' profits that are attributable to the infringement of

Plaintiff's copyright as well as any violation under 15 U.S.C. § 1125(a), including all sales and gross revenue.

C.      That pursuant to 15 U.S.C. § 1118 and the equity jurisdiction of this Court, an order for the destruction of all goods, labels, tags, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of the Defendants, incorporating, featuring or bearing the Plaintiff's LOLO® Trade Dress and Copyrighted Images or any other simulation, reproduction, counterfeit, copy, or colorable imitation thereof.

D.      That pursuant to 17 U.S.C. § 502 and the equity jurisdiction of this Court, Defendants and their officers, agents, employees, representatives, and all persons in privity therewith be preliminarily and permanently enjoined and restrained from using any and all goods colorably imitative of the LOLO® Copyrighted Images on or in connection with the importation, sale, offering for sale, distribution, exhibition, display, or advertising of its goods and services.

E.      That pursuant to 17 U.S.C. § 503 and the equity jurisdiction of this Court, Defendants and their officers, agents, employees, representatives, and all persons in privity therewith be directed to turn over to this Court any plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies of the LOLO® Copyrighted Images may be reproduced.

F.      That pursuant to 17 U.S.C. § 503 and the equity jurisdiction of this Court, Defendants and their officers, agents, employees, representatives, and all persons in privity therewith be directed to turn over to this Court all records documenting the manufacture, sale, or receipt of things involved in violating Plaintiff's copyrights in the LOLO® Copyrighted Images.

G.      That Defendants be directed to pay over to Plaintiff any and all damages,

including punitive damages, which it has sustained by consequence of Defendants' Trade Dress Infringement, Unfair Competition, False Designation of Origin, Copyright Infringement and Defendants' Trade Dress Infringement, Unfair Competition or Deceptive Acts or Practices under New York state law.

H.      That Defendants be directed to pay over to Plaintiff any and all pre-judgment and post-judgment interest on each award for damages.

I.      That due to the willful nature of Defendants' actions the amount of actual damages be trebled pursuant to 15 U.S.C. § 1117.

J.      That pursuant to 15 U.S.C. § 1117 and N.Y. Gen. Bus. Law§ 349, Defendants be directed to pay Plaintiff's costs and reasonable attorneys' fees for this action.

K.      That, at the election of Plaintiff and as available, Defendants be directed to pay all statutory damages.

L.      That this Court grant such other relief as it deems just and equitable.

## JURY TRIAL DEMANDED

Plaintiff Putu requests a jury trial on all claims.

Respectfully submitted,

By: _____

Matthew C. Wagner (mw9432)
mwagner@dmoc.com
Jane C. Christie (jc4344)
DISERIO MARTIN O'CONNOR &
CASTIGLIONI, LLP
One Atlantic Street
Stamford, CT 06901
Telephone: (203) 358-0800
Facsimile: (203) 348-2321
*Attorneys for Plaintiff*

Dated: September 7, 2016
Enc.: Exhibits A – I